IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
|  | ) CR 18-121 |
|  | ) |
| v. | |
| RICHARD SPERRY | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant pleaded guilty to two Counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(viii). On March 21, 2019, Defendant was sentenced to a total term of imprisonment of 60 months, followed by a four-year term of supervised release. Defendant is presently housed at FCI Terminal Island, and per the BOP Inmate Locator, his projected release date is August 12, 2021.

Defendant has filed a counseled Motion for compassionate release pursuant to 18 U.S.C. § 3582, along with a request for emergency consideration. The Government did not submit a substantive response, but indicated that it has been advised by the BOP that Defendant has been referred for consideration for home confinement. The Government requests, therefore, that the Motion be held in abeyance for two weeks. Defendant has replied that his request for emergency consideration remains extant. The Government does not contest that Defendant has fulfilled applicable exhaustion requirements. For the following reasons, Defendant's Motion will be granted.

**OPINION**

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the

1

court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[1] According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition." Id. at comment. n. 1(A), (C)). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)).  To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020).  Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).

Here, Defendant has produced evidence of serious medical conditions, including type II diabetes mellitus, chronic hepatitis C, and hypertension. Type II diabetes mellitus has been identified by the Centers for Disease Control and Prevention ("CDC") as a condition that places a person at increased risk for severe illness due to COVID-19. https://cdc.gov/coronavirus (accessed Aug, 13, 2020).  In addition, the CDC states that hypertension and liver disease (including hepatitis C) "might" place a person at increased risk. Id.  Defendant also has suffered from other serious health issues, such as cirrhosis and cancer in remission. The Court acknowledges the Bureau of Prisons' ("BOP") efforts to control the spread of coronavirus, but

---

[1] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

also notes that COVID-19 is present at FCI Terminal Island. The BOP reports three positive inmate cases, and ten inmate deaths at the facility; 618 inmates have recovered. https://www.bop.gov/coronavirus/ (accessed Sept. 3, 2020). FCI Terminal Island houses 900 inmates. https://www.bop.gov/locations/institutions/trm/. Accordingly, while the percentage of active cases may be low, a significant percentage of inmates have been infected. Indeed, Defendant is one of those who has been infected with COVID-19, as he tested positive on May 2, 2020. Risks of re-infection are not yet understood.[2] Under the circumstances present here, I find that Defendant's serious medical conditions provide extraordinary and compelling reasons that warrant relief.

I must, however, also consider 18 U.S.C. § 3553. Section 3582 directs the Court to a § 3553(a) analysis "to the extent [the factors] are applicable[.]" These factors include Defendant's history and characteristics; the nature and circumstances of his offense; the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, provide adequate deterrence, and protect the public; the need for rehabilitative and medical services; the kinds of sentences available and the applicable guideline range; pertinent policy statements; and the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a).

Here, Defendant's offenses were serious. The conviction of serious crimes, however, is not an absolute bar to compassionate release. Defendant has a significant criminal history, having been convicted of several crimes in the California state Court; the most recent of these was taking a vehicle without consent in 2005. However, the Court must also consider Defendant

---

[2] According to the CDC, "[t]he immune response, including duration of immunity, to SARS-CoV-2 infection is not yet understood. Patients infected with other betacoronaviruses (MERS-CoV, HCoV-OC43), the genus to which SARS-CoV-2 belongs, are unlikely to be re-infected shortly (e.g., 3 months or more) after they recover. However, more information is needed to know whether similar immune protection will be observed for patients with COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html.

as he stands before the court today. Cf. United States v. Lopez-Pastrana, 889 F.3d 13, 23 (1st Cir. 2018). The record reflects Defendant's participation in RDAP until the program's suspension due to COVID, as well as his completion of substance abuse and self-improvement programs. As the Government's Response states, "has a mental health care level of 1, has a PATTERN risk score of low, has served over 50% of his sentence, and does not have any disciplinary incidents in the last twelve months." Defendant's release plan contemplates his living independently and working as a property caretaker. A fourteen-day period of quarantine within the BOP will afford health protections to the public. Defendant has been incarcerated since May 9, 2018, and has has served over half of his sentence to date. While his criminal history is not de minimis, nor does it reflect a significant propensity for violence.

Under all of the circumstances, and in light of Section 3582, pertinent policy statements, and applicable Section 3553 factors, I find that a shortened term of imprisonment, followed by a four-year term of supervised release, is appropriate. Such a sentence is sufficient but not greater than necessary to reflect the seriousness of Defendant's offense, promote respect for the law, afford both specific and general deterrence, provide just punishment, and protect the public from further crimes of Defendant and permit appropriate arrangements for supervision.

## CONCLUSION

For the foregoing reasons, Defendant's sentence of imprisonment will be reduced to time served, subject to a 14-day period of quarantine. The BOP is to place Defendant in a 14-day period of quarantine and conduct medical clearance before release, in order to minimize the possibility of spread of COVID-19 from defendant to public. The BOP shall release Defendant as soon as practicable. This brief delay in release also will allow the BOP to make arrangements for processing his release and Probation to complete it assessment of Defendant's supervision.

The Probation Office may, of course, request any necessary modifications to the terms of Defendant's supervision.  Pending any such request, the term of supervised release, along with all conditions of supervision originally imposed, shall remain in full force and effect and commence immediately upon Defendant's release.

An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

---

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: September 10, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 18-121 |
| | ) |
| v. | |
| RICHARD SPERRY | |

**ORDER OF COURT**

AND NOW, this 10th day of September, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for is GRANTED. Defendant's sentence of imprisonment is hereby reduced to time served, subject to a 14-day period of quarantine and medical screening. The BOP, therefore, is to release Defendant as soon as practicable. The four-year term of supervised release originally imposed, along with all attendant conditions of supervision, shall remain in full force and effect and shall commence immediately upon the conclusion of the 14-day quarantine period.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court